UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.

**ONE MILLION ONE HUNDRED THIRTY-ONE THOUSAND SEVEN HUNDRED NINETY-TWO DOLLARS ($1,131,792.00) IN U.S. CURRENCY, et al.,**

    Defendants *in rem*,

    and

**LONNIE STRIBLING,**

    Claimant.

_____/

Case No. 17-cv-14005

District Judge Stephen J. Murphy, III

Magistrate Judge Mona K. Majzoub

## REPORT AND RECOMMENDATION

The United States of America brings this civil-forfeiture action pursuant to 21 U.S.C. § 881, 18 U.S.C. § 981, and 18 U.S.C. § 1956. (Docket no. 5.) Claimant Lonnie Stribling claims an ownership interest in the subject property. (Docket no. 11.) Before the Court is the Government's motion to strike Stribling's claim for lack of standing (docket no. 25), which was referred to the undersigned to conduct an evidentiary hearing and issue a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 33.) Having reviewed the pleadings and conducted an evidentiary hearing on March 18, 2019, the undersigned issues this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that the Government's motion to strike Stribling's claim (docket no. 25) be **DENIED**.

**II.    REPORT**

   **A.     Background**

On July 10, 2017, DEA agents executed a search warrant at Lonnie Stribling's residence in Farmington Hills, Michigan.  (Docket no. 5, pp. 9–10.)  As agents approached the home, Gyasi Stribling—Lonnie Stribling's minor son—exited the house with a suitcase.  (*Id.* at 10–11; docket no. 27-2, p. 2.)  The agents confronted Gyasi and discovered that the suitcase contained $850,120 in U.S. currency.  (*Id.*)

The Government seeks forfeiture of that money and other property uncovered during the search pursuant to 21 U.S.C. § 881, 18 U.S.C. § 981, and 18 U.S.C. § 1956.  (Docket no. 5.)  On April 24, 2018, Stribling filed a claim of interest the property.  (Docket no. 11.)

Pursuant to Rule G(6) of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions (the "Supplemental Rules"), the Government served interrogatories on Stribling regarding the basis for his claim of ownership.  (Docket no. 15-2.)  Asked to explain "how [he] acquired an interest in the $850,120 contained in a suitcase seized from Gyasi Stribling," Stribling answered that the money was "gifted to [him]" by his mother.  (Docket no. 27-4, pp. 7–8.)  Regarding "the purpose for which Gyasi Stribling possessed the Defendant Currency on July 10, 2017," Stribling stated that there was "[n]o specific reason."  (*Id.*)

The Government contended that Stribling's interrogatory responses were inadequate and moved for an evidentiary hearing to determine whether Stribling has standing to contest the

forfeiture of the $850,120 seized from the suitcase. (Docket no. 16.) The Government also filed a motion to strike Stribling's claim for lack of standing with respect to the $850,120. (Docket no. 25.)

The Court granted the Government's motion for an evidentiary hearing and referred the motion to strike to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 33.) During the hearing on March 18, 2019, Stribling testified that he is the owner of the $850,120 seized from his son on July 10, 2017.

### B.     Standard of Review

The Government moves to strike Lonnie Stribling's claim pursuant to Supplemental Rule G(8)(c). (Docket no. 25.) Under that rule, Stribling bears the "burden of establishing standing by a preponderance of the evidence." Fed. R. Civ. P. Supplemental Rule G(8)(c)(ii)(B).

"Standing" for the purposes of Supplemental Rule G(8) is a "threshold" requirement, which "ensure[s] that the government is put to its proof only where someone with a legitimate interest contests the forfeiture." *United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 79 n. 9 (2d Cir. 2002). Accordingly, courts have required claimants to introduce "some evidence of ownership," but have stopped short of requiring proof of "legitimate ownership." *See United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 642–43 (7th Cir. 2015) (holding that "an assertion of ownership combined with some evidence of ownership is sufficient to establish standing at the summary judgment stage of a civil forfeiture action" and that "[t]here is no basis in our precedents for the view that Rule G requires a claimant to demonstrate 'legitimate' ownership of the defendant property to show standing"); *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008) (holding that "at the summary judgment stage, a claimant must prove by a preponderance of the evidence that he has a facially colorable interest in

the res such that he would be injured if the property were forfeited to the United States"); *$557,933.89, More or Less*, 287 F.3d at 79 (determining that "the only question that the courts need assess regarding a claimant's standing is whether he or she has shown the required 'facially colorable interest,' . . . not whether he ultimately proves the existence of that interest"). The Sixth Circuit has not issued binding authority on this question, but in *dicta* that court has suggested that it would not require a claimant to demonstrate "legitimate" ownership. *See United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 352 (6th Cir. 2017) (citing with approval *Funds in the Amount of $239,400*, 795 F.3d at 643 ("[S]atisfying procedural requirements—not demonstrating 'legitimate' ownership—is all that Rule G asks of claimants aside from showing constitutional standing.")).

**C.     Analysis**

The Government contends that Stribling lacks standing to contest the forfeiture of the $850,120 seized from a suitcase in the possession of his minor son. (Docket no. 25.) Stribling testified that he owns the $850,120. (Docket no. 27-2, p.4.) Both Stribling and his son testified that Stribling did not transfer ownership of the money to his son or give his son permission to remove the money from his house. (*Id.* at 2–4.)

The Government contends that Stribling's testimony is not credible. (Docket no. 31, pp. 1–3.)  In support, the Government relies heavily on the discrepancy between Stribling's interrogatory response that Gyasi possessed the cash for "no specific reason" and his current testimony that his son removed the money from his home "without [Stribling's] permission or knowledge." (*Id.* at 6.) But the minimal difference between these statements does not impair the

4

credibility of Stribling's ownership claim.  Moreover, the vagueness of the interrogatory at issue[1] undermines any argument based on the purported change in testimony.

In addition, the Government introduced testimony that Gyasi Stribling told police that his cousin Brittany asked Gyasi to take the suitcase out to her car, which was parked in the Striblings' driveway, "so she [could] go back to work in Miami where she's a flight attendant."  (Docket no. 37, p. 25.)  At that time, Gyasi claimed that he "thought her suitcase had clothes inside" and/or that he "had no idea what was inside."  (*Id.*)  But Gyasi has since recanted that story and now testifies that the suitcase belonged to his father.  (Docket no. 27-2, p. 2.)  Moreover, Stribling testified that he did not transfer ownership to Brittany.

In Michigan, possession is *prima facie* evidence of ownership.  *See United States v. 2525 Leroy Lane*, 910 F.2d 343, 348, 350 (6th Cir. 1990); *In re Forfeiture of $19,250*, 209 Mich. App. 20, 27 (1995).  However, that presumption has been firmly rebutted in this case.  The party who last had possession of the suitcase, Gyasi Stribling, disclaimed ownership and testified that his father owned the suitcase.  Likewise, Lonnie Stribling testified that he received the money as a gift from his mother, that he owned the suitcase, and that he did not transfer ownership to his son Gyasi or to his niece Brittany.  The suitcase was in Lonnie Stribling's residence until Gyasi removed it without authorization.

The Government asserts that Stribling cannot prove ownership simply by establishing that the money came from his house.  (Docket no. 25, p. 23.)  In support, the Government cites *United States v. Seventy-Three Thousand Eight Hundred Forty-Four Dollars ($73,844.00) in U.S. Currency*, No. 12-13654, 2016 WL 3165626 (E.D. Mich. June 7, 2016) (Steeh, J.) (observing that

---

[1] "**SPECIAL INTERROGATORY NO. 2** Provide specific details regarding your interest in the Defendant Currency that you claim.  Details should include, but are not limited to the following: . . . I. The specific details regarding the purpose for which Gyasi Stribling possessed the Defendant Currency on July 10, 2017. . . ."  (Docket no. 15-2, p. 5.)

"there is no case law specifically holding that every member of a household is deemed to possess any property found in the house, or that such claimants have standing to make such claim"). But that case featured multiple residents of a home claiming ownership of money that was seized from a safe located in the bedroom of a non-claimant third party, who had not disclaimed ownership. *Id.* Absent such contrary indications (which are not present in this case), a homeowner should be presumed to possess property seized from the home. The Government recognizes the logic of that presumption by "not currently challeng[ing] the forfeiture of the remaining $281,672.00 in United States currency seized from [Stribling's] residence." (*See* docket no. 16, p. 9.)

The Court should find that Stribling has established a facially colorable interest in the $850,120 at issue. Regardless of whether Stribling can prove that he was the legitimate owner of the currency, his uncontradicted testimony demonstrates that he possessed the cash in his home until his son removed the suitcase without authorization. Accordingly, the Court should determine that Stribling has standing to contest the forfeiture.

### D. Conclusion

For the above-stated reasons, it is recommended that Defendant's motion to strike Stribling's claim for lack of standing (docket no. 25) be **DENIED**.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 20, 2019                s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: March 20, 2019                s/ Leanne Hosking
                                     Case Manager